IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT H. LEE, JR.** | : | Civil Action No. 08-CV-862 |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**JULY 3, 2008**

**NORMA L. SHAPIRO, S.J.**

      Robert. H. Lee, an African-American *pro se* litigant over forty years of age, is a Philadelphia police officer. Lee filed a complaint against the City of Philadelphia ("Philadelphia") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the Pennsylvania Whistleblower Act ("PWA").[1] Philadelphia has moved to dismiss the case under Federal Civil Procedure Rule 12(b)(6) for failure to state a cause of action. Lee filed an answer in opposition to the motion to dismiss the complaint.[2]

      The court will grant Philadelphia's motion to dismiss the Title VII, PHRA, and PWA charges, as well as the ADEA charge for discrimination and hostile work environment. The court will deny Philadelphia's motion to dismiss the ADEA retaliation charge without prejudice to a motion for summary judgment.

---

[1] Even though Lee's complaint states he is brining action under Title VII and the PHRA, the court is entitled to recharacterize the complaint on account of Lee's *pro se* status. See <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003). Lee's Title VII charge arises under §§ 2000e-2(b) and 2000e-2(d), the ADEA charge under 29 U.S.C. §621, the PHRA charge under 43 P.S. §§ 951 and 955, and the PWA charge under 43 P.S. §1421. The ADEA claim materializes from Lee's claim of age discrimination. In opposing the motion to dismiss, Lee attached a copy of the PWA.

[2] Although Lee states that his opposition is also a cross-motion to strike without prejudice or in the alternative to stay the defendant's motion, the document is an answer in opposition to the motion to dismiss.

**I.      Plaintiff's Allegations**

In a motion to dismiss, the court accepts all Lee's allegations as true. In May, 2007, Lee was fitted for a bullet proof vest. As of October, 2007, Lee had yet to receive the vest. On October 9 and 11, 2007, Lee had discussions with his immediate supervisor, Sergeant King, about arrival of the vest. Lee followed up on these conversations with written memoranda on October 15, 17, and 24, 2007. Between October 11 and 17, Lee was transferred to a different vehicle three times during a single shift and was cited for showing up late to roll call, with the threat of disciplinary action if Lee repeated his tardiness. Lee denies he was late for roll call and asserts he was unreasonably forced to wait outside during the roll call. On October 31, 2007, Lee filed a complaint with the police Equal Employment Opportunity Unit ("E.E.O. Unit"). The complaint was carbon copied to the United States Equal Employment Opportunity Commission ("EEOC"). There were more acts of discrimination and retaliation after the October 31, 2007 complaint. These acts included denying a requested day off from work, removing Lee's shifts in the squad book, recommending that Lee make a transfer request, imposing an excessive workload, obligating Lee to attend mental health training, and attempting to implicate Lee in an insurance fraud scam.

**II.     Discussion**

    A.      Jurisdiction and Venue

This court has jurisdiction and venue over all the claims. The court has jurisdiction over federal claims under 28 U.S.C. §1331. The court has jurisdiction over the state claims under 28 U.S.C. §1367(a) because they are sufficiently related to the federal claims and do not predominate over the federal claims. Venue is proper under 28 U.S.C. §1391(b) since Philadelphia is in the Eastern District of Pennsylvania and all the events took place within the District.

    B.      Rule 12 Analysis

To withstand a Rule 12(b)(6) motion to dismiss, the plaintiff must present factual allegations that

provide an entitlement to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. ____, 127 S.Ct. 1955, 1959 (2007). If the plaintiff's assertions fail to state a legally cognizable claim, the court will grant the defendant's motion to dismiss.[3]

C.      Title VII Claim

In order to bring a Title VII claim a prospective plaintiff must file a timely charge with the EEOC and receive from the Commission notice of a right to sue on those charges. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). Without a right-to-sue letter the suit can be dismissed under Rule 12(b)(6)[4] for failure to state a claim upon which relief may be granted. See Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984).[5] Lee states that the formal complaint to the E.E.O. Unit was carbon copied to the EEOC. Lee does not allege that he has received a right to sue letter, so he may not proceed on the Title VII claim. The court will grant Philadelphia's Rule 12(b)(6) motion to dismiss the Title VII charge for failure to state a cause of action.[6]

D.      ADEA Claim

In his answer in opposition to the motion to dismiss Lee states that he is over 40 years old. Lee qualifies as a protected person under the ADEA, and has standing to bring a claim for age discrimination under this statute. 29 U.S.C. § 631(a).

A protected class member can file a claim under the ADEA without first obtaining a right to sue letter from the EEOC as long as the litigant waits sixty days after filing a charge with the EEOC. 29

---

[3] The standard is whether the plaintiff has stated plausible grounds for relief, See Twombly, 127 S.Ct. at 1959, but a judge should let a complaint proceed even if recovery is unlikely. Id. At 1965.

[4] Failure to exhaust administrative remedies is not jurisdiction but a statute of limitations issue. See Anjelino v. The N.Y. Times Co., 200f.3d 73, 87 (3d 2000).

[5] "Receipt of [a] right-to-sue letter [shows] that a complainant has exhausted administrative remedies, an essential element for brining a claim in court under Title VII." Burgh v. Borough Council Of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

[6] The charge will be dismissed without prejudice with leave to file an amended complaint within ten days for Lee to show the court a right to sue letter.

U.S.C. §633(b); see also Holender v. Mutual Indus. North, Inc., 527 F.3d 352, 357 (3d Cir. 2008).[7] Lee filed the complaint against Philadelphia in federal court on February 21, 2008, more than sixty days after filing a claim with the EEOC. An EEOC action must also be filed within the 300 day statute of limitations for filing discrimination charges with the EEOC. McCray v. Corry Mfg. Co., 61 F.3d 224, 226 (3d Cir. 1995) Lee fulfills this requirement because the actions described in the October 31, 2007 EEOC complaint began in October, 2007, well within the 300 day limit.

Where discriminatory actions continue after a party files an EEOC complaint, the party can attach the later discriminatory actions without filing additional EEOC complaints. Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).[8] Allowing later actions to be added to the original EEOC complaint on a case by case basis ensures that the core grievance of the later actions fall within the scope of the original investigation. See Robinson, 107 F.3d at 1024-1025.[9] Lee alleges that the events after the October 31st charge were a continuation of prior discrimination and retaliation. These actions are sufficiently related to the EEOC complaint to be actionable without filing additional charges.

### E.     ADEA Claim: Discrimination

The prima facie analysis for an ADEA discrimination claim is almost the same as for Title VII claims except that the age discrimination claimant must be over forty years of age. Sarullo v. United

---

[7] For a litigant to have his complaint qualify as an EEOC charge, he must put the charge in writing, name the respondent and give a description of the allegedly discriminatory acts. 29 C.F.R. §1626.8(b); Federal Express Corp. v. Holowecki, 552 U.S. _____, 128 S.Ct. 1147, 1154 (2008). The filing must also be reasonably construed as a request for the EEOC to take remedial action, id, at 1158, although courts should lower the standard when dealing with *pro se* litigants. Id. The filing can be considered a charge even absent EEOC action. Id. at 1159. Taking into account that Lee is *pro se*, id. at 1158, the E.E.O. Unit formal complaint that he also sent to the EEOC qualifies as an EEOC charge even though the EEOC has not taken any action on Lee's claim.

[8] Requiring victims to exhaust a new set of administrative remedies has only a minimal likelihood of increasing the parties' chances of coming to a consensual resolution but would force the plaintiff to wait another 180 days from the filing of the last EEOC charge before being able to file suit. See Waiters, 729 F.2d at 238.

[9] In *Robinson*, the court refers to the *Waiters* rule in terms of prior EEOC complaints rather than only prior Title VII EEOC complaints. Robinson, 197 F.3d at 1038. The *Waiters* rule is meant for all types of EEOC complaints, including ADEA claims since the same exhuastion requirements apply to ADEA and Title VII claims. See Patnaude v. Gonzales, 478 F.Supp.2d 643, 648 (D. Del. 2007).

States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003), cert. denied, 541 U.S. 1064 (2004). Both follow the *McDonnell Douglas* burden shifting analysis requiring the plaintiff to establish a prima facie case of discrimination; he must show that he is in a protected group, that an employer made an adverse employment decision, and that "but for his protected status the employment decision would have benefitted the plaintiff." McDonnell Douglas, 411 U.S. at 802; see also, Torre v. Casio, Inc., 42 F.3d 825, 829 (3d Cir. 1994) (*McDonnell Douglas* is applicable to age discrimination claims).

Workplace conduct creates a hostile work environment when the harassment is sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986). There was a hostile work environment if, "(1) intentional discrimination because of age which is (2) pervasive and regular, (3) has detrimental effects that (4) would be suffered by a reasonable person of the same age in the same position, and (5) that respondeat superior[10] liability exists." Fries v. Metro. Mgmt. Corp., 293 F.Supp.2d 498, 504 (E.D. Pa. 2003), aff'd, 391 F.3d 506 (3d Cir. 2004).[1]

Lee fails to state a prima facie case for age discrimination. In his complaint and opposition Lee never mentioned the other officers' ages and whether he is older than his fellow employees. Without discussion about the age of his co-workers Lee cannot demonstrate that his age was a factor in any employer action or workplace conduct. Without any actual assertion of age-based discrimination, Lee does not state a prima facie case. The court will grant Philadelphia's Rule 12(b)(6) motion to dismiss the ADEA discrimination charge for failure to state a cause of action.

---

[10] There is respondeat superior for ADEA claims. Respondeat superior is a firmly established doctrine of federal common law applicable to a wide filed of anti-discriminatory statutes. See American Tel. and Tel. Co. v. Wyback and Conserve Program, Inc., 42 F.3d 1421, 2431 (3d Cir. 1994), cert. denied, 514 U.S. 1103 (1995). The *Monell* doctrine under 42 U.S.C. §1983 is an exception to the rule. Id. at 1432.

[11] Even though the Third Circuit Court of Appeals has never explicitly recognized hostile government claims under ADEA, it has affirmed ADEA cases finding discrimination from a hostile environment.

F.     ADEA Claim: Retaliation

The anti-retaliation provisions of the ADEA and Title VII are governed by the same precedents. See Fogleman v. Mercy Hospital, Inc., 28 F.3d 561, 567 (3d Cir. 2002), cert. denied, 537 U.S. 824 (2002). An employer's actions are considered retaliatory when in response to an employee's charge of discrimination, the employer takes actions that would "[dissuade] a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006). The employer's action does not need to affect an employee's pay or job status in order to be retaliatory, nor does the act have to be considered retaliatory in all situations in order for it to be retaliatory in a particular situation. Id. at 69.[12]

A plaintiff can establish a retaliation claim without proving the underlying discrimination claim that gave rise to the retaliation. Burlington Northern, 548 U.S. 53 (2006). Although Lee does not allege any change in employment status or pay, he has alleged Philadelphia employees took actions that could have dissuaded a reasonable worker from making a discrimination charge. Lee has stated a cause of action for retaliation despite the dismissal of the actual ADEA discrimination claim since retaliation is an independent basis for judicial relief, regardless of illegal discrimination. Id. at 69.

G.     PHRA Claim

To bring a suit under the PHRA, a plaintiff must first file a complaint with the Pennsylvania Human Relations Commission ("PHRC") and exhaust the PHRA remedies. Kozlowski v. Extendicare Health Servs., Inc., 2000 WL 193502, at *4 (E.D. Pa. Feb. 17, 2000); see also Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919-920 (Pa. 1989); Schweitzer v. Rockwell Int'l, 586 A.2d 383, 386-387 (Pa. Super. Ct. 1990), allocatur denied, 529 Pa. 635 (Pa. 1991).[13] A plaintiff cannot fulfill

---

[12] The court considers the context of the employer's action to determine if there has been retaliation. Burlington Northern, 548 U.S. at 69. A schedule change for a mother of young children could well pass the 'reasonable worker' standard even though a schedule change might not be retaliatory for other workers. Id.

[13] To allow an employee to bring suit without going first to the PHRC would result in inefficient litigation that the PHRC was designed to avert. Clay, 559 A.3d at 920.

the PHRA filing requirements by filing only with the EEOC. Woodson v. Scott Paper Co., 109 F.3d 913, 926 (3d Cir. 1997), cert. denied, 522 U.S. 914 (1997). Lee has not stated he has filed a complaint with the PHRC and the PHRC was not a recipient of the formal complaint to the E.E.O. Unit.

Even if Lee did file a complaint with the PHRC he is still barred from bringing this claim for failure to exhaust PHRA remedies. The PHRC has exclusive jurisdiction over any PHRA claim for a period of one year. Burgh v. Borough Council Of the Borough of Montrose, 251F.3d 465, 471 (3d Cir. 2001). A plaintiff must wait for the conclusion of the PHRC's exclusive jurisdiction period before bringing a PHRA claim in court. See Kozlowski, 2000 WL 193502, at *4 (E.D. Pa. Feb. 17, 2000) (citations omitted). Even if Lee did file a complaint with the PHRC when he notified the E.E.O. Unit and EEOC, the one year period of exclusive PHRC jurisdiction does not end until October 31, 2008; nine months after Lee filed this action. Because of Lee's failure to file a complaint with the PHRC, or in the alternative because the PHRC's exclusive jurisdiction had yet to run when Lee filed this action, the court will grant Philadelphia's Rule 12(b)(6) motion to dismiss the PHRA charge for failure to state a cause of action. See Anjelino v. The N.Y. Times Co., 200 F.3d 73, 87 (3d 2000); Tlush v. Manufacturers Res. Ctr., 315 F.Supp.2d 650, 654 (E.D. Pa. 2002) (*Anjelino* applicable to PHRA claims).

H.     PWA Claim

For a person to file a claim under the PWA, a state employee must make a good faith report to the employer or appropriate authority of a case of wrongdoing or waste. 43 Pa. Cons.Stat §1423(a); Albright v. Philadelphia, 299 F.Supp.2d 575, 595 (E.D. Pa. 2005). A good faith report is, "made without malice or consideration of personal benefit…" Albright, 299 F.Supp.2d at 596. Lee's formal complaint focuses on discrimination against him; Lee's complaint to the E.E.O. Unit was to provide him with a personal benefit. The court will grant Philadelphia's Rule 12(b)(6) motion to dismiss the PWA charge for failure to state a cause of action.[14]

---

[14] If this court were to accept all of Lee's allegations as true, he would not be entitled to relief under the PWA. See Jenkins v. McKeithen, 395 U.S. 411, 422 (1969).

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT H. LEE, JR.** | : | Civil Action No. 08-CV-862 |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |

**ORDER**

**AND NOW**, this 3rd day of July, 2008, upon consideration of defendant's motion to dismiss the complaint and all other relevant papers in the record, for the reasons set forth in the accompanying memorandum, it is **ORDERED** that the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. It is **GRANTED WITHOUT PREJUDICE** as to the Title VII counts. It is **GRANTED** as to: (1) the ADEA discrimination count; (2) the PHRA count; and (3) the PWA count. It is **DENIED** as to the ADEA retaliation count.

/s/ Norma L. Shapiro

Honorable Norma L. Shapiro