IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT LEE | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| CITY OF PHILADELPHIA | : | NO. 08-862 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, J.**                                                                                      **March 9, 2009**

This is an action for unlawful retaliation under the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). The matter comes before the court on: (1) defendant's Motion to Strike the Amended Complaint (paper no. 16); (2) defendant's Motion to Compel Deposition and Discovery of Plaintiff (paper no. 17); and (3) plaintiff's Opposition and Cross-Motion to Strike Without Prejudice or, in the Alterative Stay Defendant's Motion to Dismiss Plaintiff's Pro-Se Amended Complaint and Motion to Place Plaintiff's Civil Action in Administrative Suspense Status Upon Hiring Counsel (paper no. 18). Defendant's motions will be granted; plaintiff's cross-motion and motion to place this action in administrative suspense will be denied.

**I.     BACKGROUND**

Plaintiff, a police officer, filed a *pro se* complaint against his employer, the City of Philadelphia, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(b) and 2000e-2(d) ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951 and 955 ("PHRA"). Defendant moved to dismiss the complaint for failure to state a claim. (Paper no. 5.) Upon consideration of defendant's motion to dismiss, the court recharacterized the complaint on account of plaintiff's *pro se* status. See Castro v. United States, 540 U.S. 375, 381 (2003). The court construed the complaint as asserting claims under Title VII, PHRA, ADEA and the

Pennsylvania Whistleblower Act, 43 P.S. §1421.  The court, granting defendant's motion in part, dismissed all claims except the ADEA retaliation charge.  Memorandum and Order, Jul. 3, 2008 (paper no. 7).

## II.  DISCUSSION

### A.  Defendant's Motion to Strike the Amended Complaint

On August 12, 2008, defendant filed an answer to the complaint, as recharacterized by the court.  On January 2, 2009, plaintiff filed an amended complaint reasserting the Title VII claims previously dismissed by the court.  Defendant argues the amended complaint should be stricken under Federal Rule of Civil Procedure 15.

Federal Rule of Civil Procedure 15 provides that once a responsive pleading has been served, a party may not file an amended pleading without the opposing party's written consent or leave of court.  The rule further provides that the court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15 (a)(2).  Plaintiff did not seek leave of court before filing the amended complaint and defendant does not consent to the proposed amendment.  Because of plaintiff's *pro se* status, the court will treat the amended complaint as a request for leave to file an amended pleading under Rule 15.

A district court may deny leave to amend where amendment would be futile.  See Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007).  The amended complaint reasserts the Title VII claims that the court dismissed on grounds that plaintiff had failed to present a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"), as required by statute.  Plaintiff claims the court should reconsider and reinstate the Title VII claims because

defendant "[k]nowingly and purposefully broke the laws." Am. Compl. ¶ 48 (paper no. 15).[1]

To bring a claim under Title VII, a prospective plaintiff must file a timely charge with the EEOC and receive from the Commission notice of a right to sue on those charges. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973). "Receipt of [a] right-to-sue letter [shows] that a complainant has exhausted administrative remedies, an essential element for bringing a claim in court under Title VII." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). Without a right-to-sue letter, the suit can be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. See Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984). If the EEOC fails to issue a right-to-sue letter within 180 days of receiving the complainant's charge, the complainant may request a right-to-sue letter and the EEOC must promptly issue one. See Burgh, 251 F.3d at 470.

Plaintiff claims he filed a charge with the EEOC on May 21, 2008, but "has not been given a final disposition to date of this Amended Civil Action." Am. Compl. ¶ 39 (paper no. 15). Although more than 180 days have passed since plaintiff claims to have filed the charge, plaintiff does not claim to have requested or received a right-to-sue letter. It would be futile for plaintiff to amend the complaint because he fails to allege at least one essential element of a Title VII claim. Plaintiff's request for leave to amend will be denied without prejudice; plaintiff may seek leave to amend the complaint to assert claims under Title VII upon receipt of a right-to-sue letter issued by the EEOC. Defendant's motion to strike the amended complaint will be granted; the

---

[1] To the extent the amended complaint, filed January 2, 2009, could be construed as a motion for reconsideration of the court's Memorandum and Order of July 3, 2008 (paper no. 7) dismissing plaintiff's Title VII claims, such a motion would be untimely under Local Rule of Civil Procedure 7.1(g) (providing that "[m]otions for reconsideration or reargument shall be served and filed within ten (10) days after the entry of the judgment, order, or decree concerned.").

action will proceed on the original complaint as recharacterized by the court (*i.e.*, a claim for retaliation under the ADEA).

        B.        **Defendant's Motion to Compel Deposition and Discovery of Plaintiff**

At a pretrial conference held on December 2, 2008, because of plaintiff's *pro se* status, the court explained to plaintiff that the Federal Rules of Civil Procedure allow all parties to conduct discovery, including written interrogatories and oral depositions. Defendant claims that plaintiff, notwithstanding the court's instruction, failed to respond to interrogatories and failed to appear for his deposition.

Federal Rule of Civil Procedure 37(a)(1) provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure of discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Defendant did not file the proper certification, but submitted correspondence showing that plaintiff is unwilling to cooperate with defendant's discovery requests. By letter to defendant dated January 17, 2009, plaintiff stated:

> From The Date Of This Letter I Want To Make It Clear That, I still need more time, to get a attorney, To move forward in this Civil Action, involving this matter. Attempts on your part, of trying to rush me into a Deposition, without me having a attorney will Not be considered, and would be a more severe violation of my Civil Rights If forced, through, and by any other means, to move forward in this Civil Action. Again, Please Remember, and be advised that I need reasonable, ample time, to respond, to your notices, and I would not be inclined to Move forward without being Represented by a [sic] attorney, at this time. Once a [sic] attorney is in place you will definitely notified [sic] in the near future.

Def.'s Br., Ex. B (paper no. 17).

On September 24, 2008, defendant served plaintiff with interrogatories and requests for the production of documents. Defendant claims plaintiff produced "scantly responsive"

documents, but failed to respond to interrogatories. On December 12, 2008, defendant, intending to take plaintiff's deposition on January 5, 2009, served plaintiff with a notice of deposition errantly scheduled for January 5, 2008. Defendant claims plaintiff failed to appear on January 5, 2009 without telling defendant in advance. Plaintiff argues the deposition notice was defective, but concedes that January 5, 2009 was the date intended by the notice. Plaintiff claims he would have been unable to attend a deposition on January 5, 2009 because of a conflict with an unrelated court proceeding. Plaintiff did not address defendant's motion to compel interrogatory responses in his opposition brief.

Federal Rule of Civil Procedure 33 provides, in pertinent part, that a party served with interrogatories must respond with written answers under oath or objections stating the grounds therefor with specificity. Federal Rule of Civil Procedure 30(a)(1) provides that a party may, by oral questions, depose any person, including a party, without leave of court. Federal Rule of Civil Procedure 37(d) provides for sanctions where a party fails to answer interrogatories or attend its own deposition.

Plaintiff did not file a motion for a protective order or otherwise request relief from his obligation to respond to defendant's interrogatories or attend his deposition. There is no valid excuse for plaintiff's failure to act. Plaintiff will be compelled to respond to defendant's interrogatories and, upon receiving proper notice, attend his deposition to be scheduled no later than April 30, 2009 whether or not he has an attorney. Plaintiff filed this action on February 21, 2008 and there has been more than enough time for him to obtain an attorney. Plaintiff may attempt to obtain an attorney during the month of March, but lack of representation is not a justifiable reason to deny defendant discovery. Failure to comply with court-ordered discovery may result in dismissal of the action.

### C. Plaintiff's Motion to Place the Action in Administrative Suspense

Plaintiff moves for an order placing this action in administrative suspense to allow him additional time to find an attorney. Plaintiff has tried, without success, to obtain representation since he filed this action more than one year ago.[2] At a pretrial conference held on December 2, 2008, the court suggested that plaintiff attempt to obtain counsel through the Philadelphia Bar Association's referral service or request an inexpensive legal consultation to help evaluate the merits of his case. The court does not know whether plaintiff pursued those suggestions. The court is sympathetic to plaintiff's need for representation, but it would be improper to delay trial of this action indefinitely while plaintiff continues his search for an attorney. Plaintiff's motion to place this action in administrative suspense will be denied.

### III. CONCLUSION

Defendant's Motion to Strike the Amended Complaint and Motion to Compel Deposition

---

[2] On February 21, 2008, plaintiff filed a request for appointment of counsel. (Paper no. 2.) District courts have authority under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel" in civil proceedings *in forma pauperis*, see Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002), but a person requesting to proceed *in forma pauperis* must "submit[] an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Absent *in forma pauperis* status, civil litigants possess neither a constitutional nor a statutory right to appointed counsel. See Montgomery, 294 F.3d at 498. Plaintiff did not seek leave to proceed *in forma pauperis* or file the papers necessary for the court to consider such a request.
   On March 5, 2008, the court denied plaintiff's request for appointment of counsel on grounds that his claims of retaliation were frivolous. (Paper no. 4.) However, as later recharacterized by the court's Memorandum and Order of July 3, 2008 (paper no. 7), plaintiff's retaliation claims under the ADEA are not frivolous. Federal Rule of Civil Procedure 60(a) provides, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Upon *sua sponte* reconsideration of plaintiff's request for appointment of counsel (paper no. 2), the court will vacate its order of March 5, 2008 (paper no. 4) and deny plaintiff's request on the ground that plaintiff has no constitutional or statutory right to appointment of counsel in a civil action under the ADEA.

and Discovery of Plaintiff will be granted.  Plaintiff's cross motion and motion for an order placing this action in administrative suspense will be denied.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT LEE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | **NO. 08-862** |

**ORDER**

AND NOW, this 9th day of March, 2009, upon consideration of defendant's Motion to Strike the Amended Complaint (paper no. 16); defendant's Motion to Compel Deposition and Discovery of Plaintiff (paper no. 17); and plaintiff's Opposition and Cross-Motion to Strike Without Prejudice or, in the Alterative Stay Defendant's Motion to Dismiss Plaintiff's Pro-Se Amended Complaint and Motion to Place Plaintiff's Civil Action in Administrative Suspense Status Upon Hiring Counsel (paper no. 18), it is ORDERED that:

1. Defendant's Motion to Strike the Amended Complaint (paper no. 16) is **GRANTED** for the reasons stated in the attached memorandum.

2. Defendant's Motion to Compel Deposition and Discovery of Plaintiff (paper no. 17) is **GRANTED** for the reasons stated in the attached memorandum.

3. Plaintiff's cross motion and motion for an order placing this action in administrative suspense (paper no. 18) is **DENIED** for the reasons stated in the attached memorandum.

4. The court's Order dated March 5, 2008 (paper no. 4) is **VACATED** for the reasons stated in the attached memorandum.

5. Plaintiff's request for appointment of counsel (paper no. 2) is **DENIED** for the reasons stated in the attached memorandum.

6. Defendant shall confer with plaintiff regarding a mutually agreeable time for plaintiff's deposition on or before **April 30, 2009** and serve plaintiff with written notice.

-2-

7. Plaintiff shall respond to defendant's interrogatories at least five days before his deposition.

8. Plaintiff shall attend a properly noticed deposition.

9. The parties shall conclude all fact discovery by **May 8, 2009.**

10. The parties shall file pretrial memoranda as follows:

    Plaintiff - on or before **May 22, 2009.**
    Defendant - on or before **June 5, 2009.**

11. The final pretrial conference previously scheduled for March 19, 2009 will be held on **June 29, 2009 at 2 p.m.**

12. This case will be placed in the jury trial pool on **June 30, 2009**.

13. All prior scheduling orders shall otherwise remain in full force and effect.

                                                    /s/ Norma L. Shapiro
                                                                    J.